IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Crim. No. 4:02-cr-00471-TLW-3 |
| v. | **Order** |
| Mark Anthony Hough | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant pled guilty to a charge of Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base and 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), and 846. The Presentence Investigation Report (PSR) calculated his statutory sentencing range at 20 years to Life, followed by at least 10 years of supervised release. PSR ¶¶ 45, 49. His Guidelines range at sentencing—after taking into account his classification as a career offender—was 262–327 months (34/VI), followed by 10 years of supervised release. PSR ¶¶ 46, 52. He did not object to the PSR. After granting the Government's motion for a downward departure pursuant to § 5K1.1 and departing five levels, his reduced Guidelines range became 151–188 months (29/VI). The Court imposed a 168-month term of imprisonment, followed by a 10-year term of supervised release. ECF No. 282. The Court later reduced his sentence to 125 months

1

imprisonment pursuant to a Rule 35(b) motion filed by the Government. ECF No. 504. He was released from custody to begin serving his 10-year term of supervised release on August 22, 2011.

On January 29, 2019, his term of supervised release was revoked and he was sentenced to 27 months incarceration with no supervised release to follow. ECF No. 769. His supervision was revoked because, on October 29, 2018, he cut and stabbed his wife with a knife during an altercation. Supervised Release Violation Report ¶ 1.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." As noted above, Count 1 charged him with violating 21 U.S.C. § 841(b)(1)(A)(iii). Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in § 841(b)(1)(A)(iii) by increasing the threshold amount of crack from 50 grams to 280 grams.

Because Defendant also pled guilty to 5 kilograms or more of cocaine, his statutory penalties would have been the same if the Fair Sentencing Act had been in place at the time of his original sentencing. However, the Fourth Circuit recently held that a defendant convicted of a multi-object drug conspiracy involving crack and some other drug is still eligible for a reduction even though the Fair Sentencing Act only modified the penalties associated with crack. *See United States v. Gravatt*, 953

F.3d 258, 264 (4th Cir. 2020). Thus, Defendant is eligible for a sentence reduction under § 404(b) of the First Step Act and 18 U.S.C. § 3582(c)(1)(B).

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Notably, *Gravatt* did not address whether that particular defendant's sentence should have been reduced, only that he was eligible for consideration. *See Gravatt*, 953 F.3d at 264.

Defendant argues that there is an issue involving his statutory penalties that warrants the Court reducing his revocation sentence to time served. As noted above, the statutory penalties that the PSR concluded should be applied to Petitioner were a prison term of 20 years to Life, followed by at least 10 years of supervised release. But those penalties apply only if the Government filed a § 851 Information prior to entry of the guilty plea. *See* 21 U.S.C. § 851(a)(1) ("No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless . . . before entry of a plea of guilty, the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon."). Absent the filing of an Information, the penalties applicable to a § 846 conspiracy with Defendant's threshold drug amounts would have been a prison term of 10 years to Life, followed by at least 5 years of supervised release. *See* 21 U.S.C. § 841(b)(1)(A). He says in his motion that "it appears that the Information may never have been filed." ECF No. 775 at 2. The Court's review of the docket indicates that this is correct—the Government did not actually file an

Information in this case.

Though an Information was not actually filed, it is apparent from Defendant's plea agreement that this was an oversight, as he agreed in the plea agreement that he would be held accountable for one prior felony drug conviction for purposes of determining his statutory penalties. *See* Plea Agreement ¶ 9, ECF No. 125. Neither the Government nor Defendant realized that the Information had not been filed, and in fact, the plea agreement indicated the parties' understanding that it had been filed. *See* Plea Agreement ¶ 9 ("The Attorneys for the Government agree that the Defendant, Mark Anthony Hough, should be held accountable for only one of the prior felony drug convictions described in *the information previously filed* pursuant to 21 U.S.C. § 851, and that the minimum and maximum statutory penalties should be enhanced accordingly." (emphasis added)). This oversight was not brought to the Court's attention at sentencing by either the Government or defense counsel, and the Court sentenced Defendant in accordance with the PSR's statutory and Guidelines calculations, specifically 10 years of supervised release, which was determined based on the apparent belief that the Information had been filed.

Defendant argues that this warrants special consideration for purposes of the First Step Act because if the Court had sentenced him to 5 years of supervised release instead of the 10 years that it did, then he would have no longer been on supervision when he committed the conduct that led to his revocation sentence.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the PSR and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, the § 3553(a) factors, evidence of post-

4

sentencing mitigation, and concerns related to COVID-19, as well as the Eleventh Circuit cases cited by Defendant in his motion.[1] In light of these considerations, the Court concludes that a sentence reduction is not appropriate in this case. There are several reasons why the Court has reached this conclusion, including (1) his statutory penalties would have been the same if the Fair Sentencing Act had been in place at the time of his sentencing because he was also convicted of conspiring to possess with intent to distribute 5 kilograms or more of cocaine, as reflected in the PSR and not objected to at sentencing; (2) he was a career offender due to two prior cocaine distribution convictions; and (3) the conduct that led to his revocation sentence was significant and violent.

The Court has considered the fact that an Information was not actually filed in this case, but it is apparent that was an inadvertent mistake. There is no doubt that Defendant expected that his sentence would be enhanced due to his prior felony drug convictions because he agreed to that in his plea agreement and did not object to the PSR at sentencing.

The Eleventh Circuit cases cited by Defendant are in accord with Fourth Circuit case law that § 851 requires the Government to file the Information prior to a defendant's guilty plea. But the Fourth Circuit has explicitly held that "the requirements of § 851 can be waived by defendants," as it was by Defendant here. *United States v. Beasley*, 495 F.3d 142, 148 (4th Cir. 2007). The Eleventh Circuit

---

[1] Those cases are *United States v. DiFalco*, 837 F.3d 1207 (11th Cir. 2016), *United States v. Ladson*, 643 F.3d 1335 (11th Cir. 2011), and *United States v. Thompson*, 473 F.3d 1137 (11th Cir. 2006).

reached the same conclusion in one of the cases that Defendant cited. *See DiFalco*, 837 F.3d at 1219.

The Court ultimately concludes that the Government's failure to file the Information in this case—whether considered alone or in combination with the other reasons raised by Defendant and consented to by the Government without additional discussion or analysis—does not override the factors discussed above such that First Step Act relief is warranted in this case.

As noted above, the First Step Act is the only basis for relief that Defendant alleges here. But the Court relies on the substantial discretion given to district judges in deciding whether a sentence reduction is warranted, specifically under § 404(c) of the First Step Act, which provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." The analysis set forth in this order addresses the specific facts of this case in light of the discretion given to district judges by Congress.

The fact that the Government consents to the motion without offering an analysis of the important issues raised by releasing Defendant does not alter the Court's analysis in this case. The consent motion to reduce does not address the plea agreement, the discretion the Court has in addressing First Step Act motions, the waiver issue discussed above, or, significantly, the risks posed by Defendant's violent acts of stabbing and cutting his wife, which is what led to his current revocation sentence. *See generally* ECF No. 775. Though the Court recognizes that Defendant is *eligible* for a reduction, the Court concludes that a reduction is not warranted here.

For these reasons, the Court declines to reduce Defendant's sentence, and his

motion, ECF No. 775, is therefore **DENIED**.[2]

      **IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

April 28, 2020
Columbia, South Carolina

---

[2] The Court also notes that this case is not affected by the recent decision in *United States v. Chambers*, in which the Fourth Circuit held that "any Guidelines error deemed retroactive . . . must be corrected in a First Step Act resentencing." ___ F.3d ___, ___, 2020 WL 1949249, at *1 (4th Cir. Apr. 23, 2020). The belated notice of the Government's failure to file an Information is not that situation.